**UNITED STATES of America, Appellant,**

v.

**HURON CLINIC FOUNDATION, Appellee.**

No. 17368.

United States Court of Appeals
Eighth Circuit.

Oct. 22, 1963.

**44**

Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., signed Stipulation for remand on behalf of appellant.

Paul G. Zerby, Minneapolis, Minn., signed Stipulation on behalf of appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The parties have joined in a stipulation and request that we remand the cause herein to the District Court, with directions to vacate its decision and judgment for tax refund "to the extent that such decision and judgment represent a finding that appellee had no unrelated business taxable income for the years 1955 and 1956", and with directions to enter a new judgment in favor of appellee "for taxes overpaid in the amounts of $1,132.25 for the year 1954, $2,488.49 for the year 1955, and $4,694.91 for the year 1956, all with interest according to law".

The stipulation recites that a proposal of settlement has been submitted by appellee and accepted by appellant, in which (contrary to the District Court's finding and holding) appellee has agreed that the rental income received by it, which is involved, is taxable as "unrelated business income" from a "business lease", and that such lease is not excludable from the definition of a "business lease" under the exception provision of § 514(b) (3) (A) (i) and (ii) of the Internal Revenue Code of 1954, 26 U.S.C.A.

It has been our practice not to honor stipulations by the parties out-of-hand for the vacation or reversal of a considered determination and judgment of the District Court, as a mere form or convenience to the parties in making settlement. We have so done, as a matter of institutional deference, and because of the implications which are capable of inhering in such an appellate-directed action and result. After the parties have had a court proceed to judicial determination of a controversy, they are institutionally not entitled to have the judgment set aside simply because they prefer for extraneous reasons not to have it stand.

Parties have the right, of course, to make such a settlement of a judgment as they desire, but it is not necessary ordinarily that the judgment be vacated as a basis for enabling them legally to accomplish that result. Particularly would this seem to be true where an appeal has been taken from the judgment and a dismissal of the appeal could be capable of constituting an element of consideration as to the settlement.

We recognize, however, that in the settlement of tax claims and judgments there are complexities of public safeguard involved which do not exist as to other litigation. The disposition upon which the parties have agreed as to the amount of tax refund which is here to be paid by the Government can perhaps most easily in the public interest be effected on the basis of the procedure which has been proposed. We shall accordingly in the present situation honor the stipulation and request of the parties, but without intendment of any general precedent and without any judicial implication that error on the part of the trial court is involved.

The cause is accordingly hereby remanded to the District Court, with direc-

tions to vacate its judgment entered February 1, 1963, and to enter a judgment on the basis of the stipulation of the parties. A certified copy of such stipulation shall be transmitted by the Clerk of this Court to the Clerk of the District Court and mandate herein shall be issued forthwith.

Cause remanded with directions.